UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

VENANCIA RODRIGUEZ,

    PLAINTIFF,

VS.

DEREK JAMES BELLINGER, AND
SENTRY ELECTRICAL GROUP, INC.,

    DEFENDANTS.
_____/

## DEFENDANTS, DEREK BELLINGER AND SENTRY ELECTRICAL GROUP, INC'S NOTICE OF REMOVAL

Defendants, Derek Bellinger and Sentry Electrical Group, Inc., ("Sentry Electrical") by and through its undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Twentieth Judicial Circuit Court in and for Lee County, Florida, Case No. 24-CA-004795, with full reservation of rights, exceptions and defenses, and in support thereof state:

### FACTUAL BACKGROUND

1. On July 3, 2024, Plaintiff commenced this action by filing a complaint against Derek Bellinger and Sentry Electric in the Twentieth Judicial Circuit in and for Lee County, Florida. *See* Pl.'s Initial Complaint attached as Exhibit "A."

2. The initial Complaint was served on Sentry Electric on July 16, 2024. *See* Service of Process and Proof of Service attached as Exhibit "B."

3. The Plaintiff's Complaint against Defendants is for negligence as a result of injuries which the Plaintiff Venancia Rodriguez allegedly sustained on August 27, 2022, arising from a motor vehicle accident which took place in Lee County, Florida, Florida. *See* Ex. "A" at ¶ 6-10.

4. Plaintiff alleges that Derek Bellinger breached a duty owed to the Plaintiff when he allegedly negligently operated and/or maintained the motor vehicle so that it collided with Plaintiff's motor vehicle. The Plaintiff also alleged that Derek Bellinger was a statutory employee of Sentry Electric acting in the course and scope of his agency or employment, and that Sentry Electric is vicariously liable for the negligent acts of Derek Bellinger. See Ex. "A" at ¶ 14 and 17.

## COMPLETE DIVERSITY OF CITIZENSHIP

5. Plaintiff is a resident of Orange County, FL. *See* Ex. "A" at ¶ 2. It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to residency for purposes of diversity of citizenship.

6. Sentry Electric is a foreign corporation organized under the laws of the State of Georgia and which has its principal place of business in the state of Georgia at 1755 North Brown Road Suite 200, Lawrenceville, Georgia, 30043. (*See*

Defendant's Annual Reports; attached hereto as Composite Exhibit "C"). Sentry Electric is not organized under the laws of the state of Florida and does not have its principal place of business in the state of Florida. Therefore, Sentry Electric is not a citizen of the State of Florida.

7. Derek Bellinger is a natural person residing in Nueces County, Texas. *See* Ex. "A" at ¶ 3.

8. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiff and both Defendants.

## AMOUNT IN CONTROVERSY

9. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this case exceeds the required $75,000 jurisdictional threshold.

10. As the party seeking removal, "Defendant bears the burden of establishing jurisdiction." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014). If a specific amount of damages is not pled, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Houston*, 2014 WL 6469608, at *2 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001)).

11. Here, Plaintiffs' Complaint alleges damages in excess of the State Court's $50,000.00 jurisdictional threshold. *See* Ex. "A" at ¶ 1.

12. Prior to the initiation of the suit, Plaintiff produced a demand package that allegedly formed the basis of Plaintiff's damages in the matter at hand demanding $1,000,000.00. Plaintiff provided medical bills that reached $222,161.73 as of February 16, 2024. (See Plaintiff's Demand Package dated February 16, 2024; attached hereto as Exhibit "D").

13. Defendants have met their burden of showing by a preponderance of the evidence that the amount in controversy surpasses the jurisdictional threshold of $75,000.00. Specifically, in addition to his past medical bills, Plaintiff also claims to have sustained permanent or continuing injuries that have and will continue to cause:

- Pain and suffering;
- Aggravated a pre-existing injury or condition; and
- Impairments in the future

(*See* Ex. "A" ¶¶ 11).

14. In this regard, "while settlement demand letters "do not automatically establish the amount in controversy for the purposes of diversity jurisdiction," they may be used as evidence of the Plaintiff's view of the amount in controversy, and that view is relevant in deciding the Motion to Remand." *Roman*

*v. Wal-Mart Stores E.*, 2021 WL 252423, at *3 (M.D. Fla., Jan. 26, 2021) (citations omitted).

15. Accordingly, Plaintiff's alleged and proffered damages satisfy the monetary jurisdictional threshold required under 28 U.S.C. §1332(a).

## SATISFACTION OF OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

16. Defendants have filed with the Clerk of the State Court a Notice that this Cause has been removed. There has been no waiver by the Defendants of any right to remove this cause to the Federal Court. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

18. This Notice of Removal of Cause was timely filed within thirty (30) days of July 16, 2024, the date upon which Defendant, Sentry Electric was served and first ascertained that this case was removable through the claimed damages claimed which are in excess of $75,000.00 (*See* Ex. "B".)

19. The undersigned are the attorneys for Defendants and have been authorized to act in seeking removal of this cause to the Federal Court.

WHEREFORE, Defendants, Derek Bellinger and Sentry Electric, hereby removes this cause from the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, to the United States District Court, Middle District of

Florida, Fort Myers Division, and requests that all further proceedings be conducted in this Court as provided by law.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 16th day of August 2024.

> LUKS, SANTANIELLO, PETRILLO,
> COHEN & PETERFRIEND
> Attorneys for Defendants
> 789 SW Federal Highway, Suite 101
> Stuart, FL 34994
> Telephone:  772-678-6080
> Facsimile:  772-678-6631
>
> By: /s/ *Edgardo Hernandez*
>    Edgardo Hernandez
>    Florida Bar No.:  111537
>    Benjamin S. Pahl
>    Florida Bar No.:  113709
>    ehernandez@insurancedefense.net
>    bpahl@insurancedefense.net
>    LUKSSTU-pleadings@insurancedefense.net

**SERVICE LIST**

Counsel for Plaintiff
Lawrence Gonzalez II, Esquire
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL  32802-4979
407-418-2076
lgonzalez@forthepeople.com
hcotta@forthepeople.com
mcalixto@forthepeople.com
caylancurtis@forthepeople.com